STATE OF SOUTH CAROLINA )  IN THE COURT OF COMMON PLEAS
COUNTY OF LAURENS )

Allison Haley Manley,  )  CIVIL ACTION COVERSHEET
                      Plaintiff(s) )
                    vs. )  2011-CP- 30 - 521

Ricky W. Chastain, individually and as a Sheriff of ) 
Laurens County, SC et al. )
                    Defendant(s) )

(Please Print)
Submitted By: John G. Reckenbeil
Address: 215 Magnolia Street, Spartanburg, SC 29306

SC Bar #: 68610
Telephone #: 864-582-5472
Fax #: 864-582-7280
Other:
E-mail: john@johnreckenbeillaw.com

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

[X] JURY TRIAL demanded in complaint.   [ ] NON-JURY TRIAL demanded in complaint.
[ ] This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
[ ] This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
[ ] This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

**Contracts**
[ ] Constructions (100)
[ ] Debt Collection (110)
[X] Employment (120)
[ ] General (130)
[ ] Breach of Contract (140)
[ ] Other (199)

**Torts - Professional Malpractice**
[ ] Dental Malpractice (200)
[ ] Legal Malpractice (210)
[ ] Medical Malpractice (220)
Previous Notice of Intent Case # 20___-CP-___-___
[ ] Notice/ File Med Mal (230)
[ ] Other (299)

**Torts – Personal Injury**
[ ] Assault/Slander/Libel (300)
[ ] Conversion (310)
[ ] Motor Vehicle Accident (320)
[ ] Premises Liability (330)
[ ] Products Liability (340)
[ ] Personal Injury (350)
[ ] Wrongful Death (360)
[ ] Other (399)

**Real Property**
[ ] Claim & Delivery (400)
[ ] Condemnation (410)
[ ] Foreclosure (420)
[ ] Mechanic's Lien (430)
[ ] Partition (440)
[ ] Possession (450)
[ ] Building Code Violation (460)
[ ] Other (499)

**Inmate Petitions**
[ ] PCR (500)
[ ] Mandamus (520)
[ ] Habeas Corpus (530)
[ ] Other (599)

**Judgments/Settlements**
[ ] Death Settlement (700)
[ ] Foreign Judgment (710)
[ ] Magistrate's Judgment (720)
[ ] Minor Settlement (730)
[ ] Transcript Judgment (740)
[ ] Lis Pendens (750)
[ ] Transfer of Structured Settlement Payment Rights Application (760)
[ ] Other (799)

**Administrative Law/Relief**
[ ] Reinstate Driver's License (800)
[ ] Judicial Review (810)
[ ] Relief (820)
[ ] Permanent Injunction (830)
[ ] Forfeiture-Petition (840)
[ ] Forfeiture—Consent Order (850)
[ ] Other (899)

**Appeals**
[ ] Arbitration (900)
[ ] Magistrate-Civil (910)
[ ] Magistrate-Criminal (920)
[ ] Municipal (930)
[ ] Probate Court (940)
[ ] SCDOT (950)
[ ] Worker's Comp (960)
[ ] Zoning Board (970)
[ ] Public Service Commission (990)
[ ] Employment Security Comm (991)
[ ] Other (999)

**Special/Complex /Other**
[ ] Environmental (600)
[ ] Automobile Arb. (610)
[ ] Medical (620)
[ ] Other (699)
[ ] Pharmaceuticals (630)
[ ] Unfair Trade Practices (640)
[ ] Out-of State Depositions (650)
[ ] Motion to Quash Subpoena in an Out-of-County Action (660)
[ ] Sexual Predator (510)

Submitting Party Signature: *John G. Reckenbeil*   Date: June 1, 2011

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (01/2011)   Page 1 of 2

### FOR MANDATED ADR COUNTIES ONLY
Allendale, Anderson, Beaufort, Clarendon, Colleton, Florence, Greenville, Hampton, Horry, Jasper, Lee, Lexington, Pickens (Family Court Only), Richland, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

You are required to take the following action(s):

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

Please Note:     You must comply with the Supreme Court Rules regarding ADR.
Failure to do so may affect your case or may result in sanctions.

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | |
| ) | |
| COUNTY OF LAURENS ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| Allison Haley Manley, ) | |
| ) | |
| Plaintiff, ) | SUMMONS |
| ) | (JURY TRIAL DEMANDED) |
| vs. ) | |
| ) | C.A. NO: 2011-CP-30-521 |
| ) | |
| Ricky W. Chastain, individually and as a ) | |
| Sheriff of Laurens County, SC; Michael ) | |
| Thomason, individually and as a employee ) | |
| of Laurens County Sheriff's Department, SC;) | |
| Luther "Ted" Richardson, individually and as) | |
| employee of Laurens County Sheriff's ) | |
| Department, SC; Duane Howard, ) | |
| individually and as employee of Laurens ) | |
| County Sheriff's Department, SC; Denna ) | |
| Griffin, individually and as employee of ) | |
| Laurens County Sheriff's Department, SC; ) | |
| Laurens County, SC; Laurens County ) | |
| Sheriff's Department, SC. ) | |
| ) | |
| Defendants. ) | |

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is attached herewith served upon you, and to serve a copy of your answer to said Complaint on the subscribers at their office at Post Office Box 1633, 215 Magnolia Street, Spartanburg, South Carolina, 29304, within thirty (30) days after such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in this Complaint.

John G. Reckenbeil
Attorney for the Plaintiff
Post Office Box 1633
Spartanburg, SC 29304
(864)582-5472

Dated: 6/1, 2011
Spartanburg, SC

(Stamp: LAURENS COUNTY CLERK OF COURT, LYNN W. LANCASTER, 2011 JUN -2 P 3:16)

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | |
| ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF LAURENS ) | EIGHTH JUDICIAL CIRCUIT |
| ) | |
| Allison Haley Manley, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | COMPLAINT |
| ) | (JURY TRIAL DEMANDED) |
| Ricky W. Chastain, individually and as a ) | |
| Sheriff of Laurens County, SC; Michael ) | |
| Thomason, individually and as a employee ) | |
| of Laurens County Sheriff's Department, SC;) | |
| Luther "Ted" Richardson, individually and as) | C.A. No.: 2011-CP-30-521 |
| employee of Laurens County Sheriff's ) | |
| Department, SC; Duane Howard, ) | |
| individually and as employee of Laurens ) | |
| County Sheriff's Department, SC;  Denna ) | |
| Griffin, individually and as employee of ) | |
| Laurens County Sheriff's Department, SC; ) | |
| Laurens County, SC; Laurens County ) | |
| Sheriff's Department, SC. ) | |
| ) | |
| Defendants. ) | |

The Plaintiff complaining of the Defendants would respectfully show unto the court as follows:

1. That the Plaintiff is a citizen and resident of the County of Greenville, State of South Carolina. That at all times herein mentioned this Plaintiff was an employee of Laurens County and the Laurens County Sheriff's Department. Further all times herein mentioned this Plaintiff was an subordinate employee of the Sheriff Ricky Chastain.

2. That the Defendant Ricky Chastain is being sued individually, and as Sheriff of Laurens County, SC. Laurens County Sheriff's Department is a political subdivision of the State of South Carolina. That at all times herein mentioned Defendant Chastain was the Superior Supervisor of the Plaintiff.

3. That the Defendant Michael Thomason is being sued individually and as a employee

Page 1 of 10

of Laurens County Sheriff's Department, SC, a political subdivision of the State of South Carolina.

4. That the Defendant Luther "Ted" Richardson is being sued individually and as a employee of Laurens County Sheriff's Department, SC, a political subdivision of the State of South Carolina.

5. That the Defendant Duane Howard is being sued individually and as a employee of Laurens County Sheriff's Department, SC, a political subdivision of the State of South Carolina.

6. That the Defendant Denna Griffin is being sued individually and as a employee of Laurens County Sheriff's Department, SC, a political subdivision of the State of South Carolina.

7. That the Defendant Laurens County, South Carolina, is a political subdivision of the State of South Carolina.

8. That the Defendant Laurens County Sheriff's Department, South Carolina, is a political subdivision of the State of South Carolina.

9. That Defendant, Ricky Chastain is the Sheriff of Laurens County Sheriff.

10. That Defendants Michael Thomason, Luther "Ted" Richardson, Duane Howard, and Denna Griffin worked full time as employees for the Laurens County Sheriff's Department. At all times herein mentioned, Michael Thomason, Luther "Ted" Richardson, Duane Howard, and Denna Griffin were under the exclusive control of Laurens County Sheriff's Department in Laurens County.

11. That on or about January 7, 2008, Plaintiff began her employment with the Laurens County Sheriff's Department.

12. That approximately in February of 2008, Plaintiff and Defendant Chastain began a sexual

relationship.

13. That in June/July of 2010 Plaintiff became pregnant by Defendant Chastain. That Defendant Chastain told Plaintiff that she would have to resign her employment if she decided to keep the child. That Defendant Chastain convinced this Plaintiff to have an abortion. That Defendant Chastain drove Plaintiff to the abortion clinic in Charlotte, North Carolina and paid for Plaintiff to have an abortion.

14. That on or about July 26, 2010, the day Plaintiff's treating OBGYN confirmed the 1st abortion was successful, Defendant Chastain took a $14,500.00 check made payable to Plaintiff's grandfather, Don. Powell (Exhibit A). Defendant Chastain told Plaintiff the money was for her to move into a bigger house due to Plaintiff having to move from her current house as she was leasing it and it was being sold.

15. That on or about September 26, 2010 while this Plaintiff and Defendant Chastain were in Myrtle Beach, SC, Defendant Chastain learned Plaintiff was pregnant for the second time with his child. Defendant Chastain's reaction after a few days was similar to the first pregnancy in demanding Plaintiff to have an abortion. Ultimately on or about October 3, 2010, Plaintiff at that point decided to not have an abortion and wanted to continue her employment with Lauren's County Sheriff's Department.

16. That when Plaintiff refused, she was harassed and threatened by her co-workers. That when Plaintiff reported the harassment and threat to Defendant Chastain, he told Plaintiff that she should expect more harassment and threats from co-workers and she should do what he said, more specifically she should just quit, and resign her employment That as a direct and proximate result of Plaintiff not agreeing to have an abortion nor to continue to have a "discreet sexual relationship" to the satisfaction of the Defendant Chastain, a meeting was organized an established by Defendant Chastain on or about

October 4th. At this meeting Defendant Chastain instructed his subordinates who were all employees of Laurens County Sheriff's office and Laurens County, to do "whatever it took to make the Plaintiff resign her employment". This meeting was attended by Defendants' Michael Thomason, Luther "Ted" Richardson, Duane Howard.

17. Plaintiff's work environment became so hostile that she felt forced to resign.

18. That as a direct and proximate result of the Plaintiff losing her employment in a "Constructive Discharge" Plaintiff has suffered injuries and damages.

## FOR A FIRST CAUSE OF ACTION
### (Sex Discrimination Title VII)
### (Sexual Harassment "quid pro quo")
### AS TO DEFENDANTS:
### LAURENS COUNTY SHERIFF'S DEPARTMENT;
### LAURENS COUNTY

19. That the foregoing allegations contained in this complaint are incorporated by reference herein as fully as if restated verbatim.

20. That the Plaintiff is informed and believes that Defendant Laurens County and Laurens County Sheriff's Office is a qualified "employer" subject to the Sex/Sexual Harassment under Title VII and that this Court has jurisdiction to enforce the provisions of said statute.

21. Underneath Title VII, this Plaintiff is informed and believes that she is a qualified employee and falls under the protection of said statute. That on or about September 26, 2010 while this Plaintiff and Defendant Chastain were in Myrtle Beach, SC, Defendant Chastain learned Plaintiff was pregnant for the second time with his child. Defendant Chastain's reaction after a few days was similar to the first pregnancy in demanding Plaintiff to have an abortion. Ultimately on or about October 3, 2010, Plaintiff at that point decided to not have an abortion and wanted to continue her employment with Lauren's County Sheriff's Department. That as a direct and proximate result of Plaintiff not agreeing to have an abortion nor to continue to have a "discreet sexual relationship" to the satisfaction of

Page 4 of 10

the Defendant Chastain, a meeting was organized an established by Defendant Chastain on or about October 4th. At this meeting Defendant Chastain instructed his subordinates who were all employees of Laurens County Sheriff's office and Laurens County, to do "whatever it took to make the Plaintiff resign her employment". This meeting was attended by Michael Thomason, Luther "Ted" Richardson, Duane Howard. That these individuals as a direct order from their ultimate Supervisor, Sheriff Chastain, immediately carried out his orders and intense pressure was put on this Plaintiff to quit her employment That this pressure put on this Plaintiff to quit included threats of violence to her own persons. That this fear that Plaintiff possessed was confirmed by a conversation she had via cell phone with Defendant Chastain. Defendant Chastain substantiating the threats of violence and the acts of violence would continue until Plaintiff quit her employment. Defendant Chastain told Plaintiff she needed to "listen to what he told her to do and quit". Plaintiff in fear for her own safety and well being resigned her employment as of October 6, 2010 constituting a constructive discharge under Title VII.

22. The Plaintiff is further informed and believes that the demand that this she have a second abortion and continue to have a "discreet sexual relationship" with Defendant Chastain was unwelcome conduct as well as severe and pervasive. Plaintiff refusal to carry out Defendant Chastain directive ultimately lead to Plaintiff's constructive discharge, which constituted a violation of Title VII under Quid Pro Quo portion of the Sexual Harassment laws.

23. Accordingly, the Plaintiff is informed and believes that she is entitled to damages in the nature of the value of her lost wages and lost benefits, together with interest thereon, as well as compensatory, punitive damages, emotional distress and pain and suffering as well as an equitable relief as allowed be said Title VII and her reasonable attorneys fees and costs for bringing this action.

## FOR A SECOND CAUSE OF ACTION
(Negligent/Gross Negligent Retention/Supervision)

AS TO LAURENS COUNTY SC :

24. The foregoing allegation are incorporated by reference herein as fully restated verbatim.

25. That at all times herein mentioned, Laurens County is an entity of the State of South Carolina and was the ultimate supervising authority over the Laurens County Sheriff's Office to include the Sheriff himself, Ricky Chastain.

26. That at all times herein mentioned the county administrator learned through phone records, demonstrating a substantial amount of phone calls and duration of the phone call after normal work hours, would lead a reasonable person in the Lauren County Administrators "shoes", of the relationship between this Plaintiff and Defendant Chastain. That the county knew or should have known the relationship between a subordinate and her ultimate superior would or could result in a serious violation of Title VII.

27. That Defendant Laurens County knowing the sexual relationship between Defendant Chastain and Plaintiff knew or should have known "need to control the conduct" of Defendant Chastain.

28. That the Defendant Laurens County were negligent, grossly negligent, reckless, willful, and wanton in their supervision/retention of Defendant Chastain and that they failed to exercise their duty to this Plaintiff and failed to exercise the degree of care and skill ordinarily used by an governmental entity such as Laurens County.

29. That the Defendant Laurens County failed to use reasonable care and diligence in their supervision of Defendant Chastain.

30. That as a direct and proximate result of Laurens County gross negligence in failing to properly take adequate steps supervise Defendant Chastain. This Plaintiff has been injured

and damaged.

**FOR A THIRD CAUSE OF ACTION**
**(Civil Conspiracy)**
AS TO INDIVIDUAL DEFENDANTS;
RICKY CHASTAIN,
MICHAEL THOMASON
LUTHER RICHARDSON
DUANE HOWARD
DENNA GRIFFIN

31. The foregoing allegation are incorporated by reference herein as fully restated verbatim.

32. That on or about September 26, 2010 while this Plaintiff and Defendant Chastain were in Myrtle Beach, SC, Defendant Chastain learned Plaintiff was pregnant for the second time with his child. Defendant Chastain's reaction after a few days was similar to the first pregnancy in demanding Plaintiff to have an abortion. Ultimately on or about October 3, 2010, Plaintiff at that point decided to not have an abortion and wanted to continue her employment with Lauren's County Sheriff's Department.

33. That Plaintiff's decision to not have an abortion lead Defendant Chastain to do everything in his power for this Plaintiff to lose her job with Laurens County Sheriff's Department.

34. That on or about October 4, 2010, this Plaintiff was absent from work to see her OB-GYN to have an ultrasound performed, Defendant Chastain organized a meeting to plan and scheme and conspire with his subordinate employees how to get this Plaintiff to quit and resign her employment. That as a direct and proximate result of a meeting that was organized an established by Defendant Chastain, he instructed to do whatever it took to make the Plaintiff resign her employment. This meeting was attended by Ricky Chastain, Michael Thomason, Luther "Ted" Richardson, and Duane Howard. That these individuals to further include Defendant Deanna Griffin, carried out Defendant Chastain's order immediately and intense pressure was put on this Plaintiff to quit her employment That this

pressure put on this Plaintiff to quit included threats of violence to her own persons. That this fear that Plaintiff possessed was confirmed by a conversation she had via cell phone with Defendant Chastain. Defendant Chastain substantiating the threats of violence and the acts of violence would continue until she quit her employment. Plaintiff in fear for her own safety and well being resigned her employment as of October 6, 2010 constituting a constructive discharge and the loss of her employment.

35. That the conduct and conspiracy of these individual Defendants joined in concert, was done with actual malice, intentional wickedness, and in utter disregard for the Plaintiff and her own well being. That a civil conspiracy was established by two or more persons to include Defendants Ricky Chastain, Michael Thomason, Luther "Ted" Richardson, Duane Howard, and Deanna Griffin; for the purposes of injuring this Plaintiff, who at the time was not an at-will employee, with the ultimate loss of her employment and causing special damages to include lost wages, lost employment benefits, great emotional distress, and humiliation.

### FOR A FOURTH CAUSE OF ACTION
### (Tortious Interference with Employment Contract)
### AS TO INDIVIDUAL DEFENDANT RICKY CHASTAIN

36. The foregoing allegation are incorporated by reference herein as fully restated verbatim.

37. Defendant Chastain was at all times aware of Plaintiff's employment contract with Laurens County, Laurens County Sheriff's Department.

38. Defendant Chastain intentionally and maliciously interfered with that at-will/ altered status contract(s), causing Plaintiff to terminate her employment with Laurens County, Laurens County Sheriff's Department.

39. But for Defendant Chastain's interference, Plaintiff would have remained in Plaintiff's employed with Laurens County, Laurens County Sheriff's Department.

40. As a proximate result of Defendant Chastain's interference with Plaintiff's employment agreements, Plaintiff has suffered substantial injury and damages, lost income, lost employment benefits and other contractual damages under South Carolina Law.

41. Based upon the foregoing, Plaintiff is informed and believes that it is entitled to judgment against Defendant Chastain for substantial actual and punitive damages in such amounts as the Jury and the Court may determine.

### FOR A FIFTH CAUSE OF ACTION
### (Intentional Infliction Emotional Distress/Outrage)
### AS TO INDIVIDUAL DEFENDANT RICKY CHASTAIN

42. The foregoing allegation are incorporated by reference herein as fully restated verbatim.

43. That the Defendant Chastain intentionally or recklessly inflicted severe emotional distress or was certain or substantially certain that such distress would result from his conduct.

44. That the conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious, and utterly intolerable in a civilized community.

45. That the actions of Defendant Chastain caused the Plaintiff's emotional distress.

46. That the emotional distress suffered by the Plaintiff was severe so that no reasonable person could be expected to endure it. That as a direct and proximate result Plaintiff has suffered injuries and damages.

WHEREFORE, the Plaintiff prays judgment against the Defendants as follows:

a. For actual damages in the amount found to be fair and equitable within the discretion of the fact finder;

b. For actual and punitive damages against Individual Defendants Ricky Chastain, Michael Thomason, Luther "Ted" Richardson, Duane Howard, and Denna Griffin in the amount found to be fair and equitable within the discretion of the fact finder;

c.  For further damages under law and equity afforded under Title VII;

d.  For compensatory damages, back pay, prejudgement interest, and front pay in lieu of reinstatement;

e.  For reasonable attorneys fees and costs; and

f.  And for such other and further relief as this court may deem just and proper.

*John G. Reckenbeil*
John G. Reckenbeil
Attorney for the Plaintiff
215 Magnolia Street
Post Office Box 1633
Spartanburg, SC 29304
864-582-5472

Date: 6/1, 2011
Spartanburg, South Carolina

Page 10 of 10

CheckWorks ImageExplorer Enterprise Print

Page 1 of 1

## Check Image Print

User ID: USRJ0
Report ID: Check Image Print

Date: 05/23/2011
Time: 14:06:56

| Capture Date | Sequence Number | Check Number | Amount | Posting Date | Posting Account |
|---|---|---|---|---|---|
| 20100726 | ███████ | 1330 | 14500.00 | 20100726 | ███████ |

Ricky W. Chastain

Check not valid after 8/18/2010  1330

DATE July 26, 2010

PAY TO THE ORDER OF  Don Powell    $ 14,500.00

Fourteen Thousand, Five Hundred + 00/100   DOLLARS

Bank of America

FOR _____    Rick W Chts

1330


EXHIBIT
14

http://iee.suntrust.com/iee/Document

05/23/2011

STATE OF SOUTH CAROLINA )
)
COUNTY OF LAURENS ) IN THE COMMON PLEAS
) EIGHTH JUDICIAL CIRCUIT
Haley Manley, )
)
      Plaintiff, )
) VERIFICATION
v. )
)
Laurens County Sheriff Ricky )
Chastain, et. al. )
)
      Defendant. )

PERSONALLY, appeared before me the undersigned who, after first being duly sworn, states:

That she is the Plaintiff in the foregoing action; that she has read the allegations in the foregoing Complaint and the same are true of her own knowledge except those stated therein to be based upon information and belief and as to those she believes them to be true.

_____
Haley Manley

SWORN to before me this 1
day of June, 2011.

_____(SEAL)
Notary Public for South Carolina
My Commission expires: June 15, 2011

89.146.   (GP: Civil Conspiracy Defense Costs)  For the current fiscal year, for any claim that has not reached a judgment, if a state or local government employee or former state or local government employee ("government employee") is personally sued for civil conspiracy based in part upon a personnel or employment action or decision regarding an employee, the court must, prior to trial, make a final determination whether the action or decision giving rise to the suit was made by the government employee within the scope of their official duty.  If the court finds that the government employee was acting outside the scope of the employee's official duties, the government shall not thereafter expend any funds to pay or defend the claim.  If the court finds the government employee was acting within the scope of their official duties, the employee is immune from suit, liability, and damages with respect to the civil conspiracy claim.  The government may only expend funds to defend the claim if the determination is that the employee was acting within the scope of their official duties.  Nothing in this proviso prevents an insurance provider from defending and paying, respectively, any claims that the provider has contractually agreed to defend and pay.