IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Allison Haley Manley, | Civil Action No.: 6:11-cv-01607-JMC -KFM |
| Plaintiff, | |
| v. | |
| Ricky W. Chastain, individually and as a Sheriff of Laurens County, SC; Michael Thomason, individually and as a employee of Laurens County Sheriff's Department, SC; Luther "Ted" Richardson, individually and as employee of Laurens County Sheriff's Department, SC; Duane Howard, individually and as employee of Laurens County Sheriff's Department, SC; Denna Griffin, individually and as employee of Laurens County Sheriff's Department, SC; Laurens County, SC; Laurens County Sheriff's Department, SC, | **ANSWER ON BEHALF OF DEFENDANT RICHARDSON**<br><br>**(Jury Trial Demanded)** |
| Defendants. | |

The Defendant Luther "Ted" Richardson, individually and as employee of Laurens County Sheriff's Department, South Carolina answers the Plaintiff's Complaint herein as follows:

**FOR A FIRST DEFENSE**

1.     The Plaintiff's Complaint fails to state a cause of action upon which relief may be granted. This Defendant reserves the right to file a motion pursuant to Rule 12(b)(6), FRCP.

1

**FOR A SECOND DEFENSE**

2. This Defendant denies each and every allegation of the Plaintiff's Complaint not hereinafter specifically admitted, qualified, or explained.

3. That as to Paragraph One (1), this Defendant lacks sufficient information upon which to form a belief as to the truth and veracity of same and, therefore, denies this paragraph and demands strict proof thereof.

4. Upon information and belief, Paragraphs Two (2), Three (3), Five (5), Six (6), Seven (7), Eight (8), and Nine (9) contain allegations against other Defendants, and therefore, requires no response by this Defendant. To the extent that these paragraphs contain factual allegations against this Defendant, this Defendant denies same and demands strict proof thereof.

5. That as to Paragraph Four (4), while this Defendant recognizes upon information and belief that he is being sued in the above-referenced matter, he expressly denies the material allegations contained in the body of the Complaint. This Defendant further and specifically denies that he has personally taken any action or instructed anyone to commit any act or omission that resulted in a violation of the Plaintiff's federal constitutional rights.

6. That as to Paragraph Ten (10), this Defendant only admits upon information and belief that at all relevant times in the Complaint, he was acting within the course and scope of his employment and official duties with the Laurens County Sheriff's Office as well as under the color of state law. As to the individual allegations contained in subsequent paragraphs of the Complaint, this Defendant responds individually to same and does not admit any such allegations by way of this response to Paragraph Ten (10).

7. Upon information and belief, Paragraphs Eleven (11), Twelve (12), Thirteen (13), Fourteen (14), Fifteen (15) contain allegations against other Defendants, and therefore, requires

no response by this Defendant. To the extent that these paragraphs contain factual allegations against this Defendant, this Defendant denies same and demands strict proof thereof.

8. Upon information and belief, the first two sentences of Paragraph Sixteen (16) contain allegations against other Defendants, and therefore, requires no response by this Defendant. To the extent that these portions contain factual allegations against this Defendant, this Defendant denies same and demands strict proof thereof. That as to the remainder of Paragraph Sixteen (16), this Defendant denies same as stated and demands strict proof thereof.

9. That as to Paragraphs Seventeen (17) and Eighteen (18), this Defendant denies same and demands strict proof thereof.

10. That as to Paragraphs Nineteen (19), Twenty-four (24), Thirty-one (31), Thirty-six (36), and Forty-two (42), this Defendant reasserts and realleges all previous allegations and defenses.

11. Upon information and belief, Paragraphs Twenty (20), Twenty-two (22), Twenty-five (25), Twenty-six (26), Twenty-seven (27), Twenty-eight (28), Twenty-nine (29), Thirty-two (32), Thirty-three (33), Thirty-six (36), Thirty-seven (37), Thirty-eight (38), Thirty-nine (39), Forty (40), Forty-three (43), Forty-four (44), and Forty-five (45) contain allegations against other Defendants, and therefore, requires no response by this Defendant. To the extent that these paragraphs contain factual allegations against this Defendant, this Defendant denies same and demands strict proof thereof.

12. That as to Paragraphs Twenty-one (21), Twenty-three (23), Thirty (30), Thirty-four (34), Thirty-five (35), Forty-one (41), and Forty-six (46) this Defendant denies same and demands strict proof thereof.

13.     Any and all allegations inconsistent with the foregoing are denied.  Further, this Defendant asserts that the Plaintiff is not entitled to the relief requested in the Complaint, or any other relief against this Defendant.

### FOR A THIRD DEFENSE

14.     This Defendant at no time violated any clearly established constitutional rights which were known or should have been known to him, and therefore, is entitled to immunity.

### FOR A FOURTH DEFENSE

15.     This Defendant's actions were objectively reasonable in light of the existing law, and therefore, he is entitled to immunity.

### FOR A FIFTH DEFENSE

16.     This Defendant alleges that they are immune from suit and liability under the doctrine of sovereign immunity.

### FOR A SIXTH DEFENSE

17.     This Defendant alleges upon information and belief that at all times herein he was acting within the course and scope of his employment in a discretionary manner, in good faith, without bad faith or malicious motives in the performance of his official duties, and therefore, this Defendant is immune from suit.

### FOR A SEVENTH DEFENSE

18.     To the extent that any state causes of action are asserted against him, this Defendant alleges that such claims brought by the Plaintiff are governed by the terms and conditions (including immunities and statutory limitations) applicable to claims against governmental entities and therefore plead the South Carolina Tort Claims Act, § 15-78-10 *et seq.* of the Code of Laws of the State of South Carolina, 1976 as amended.

## FOR AN EIGHTH DEFENSE

19. To the extent that any state causes of action are asserted against him, this Defendant alleges that they are immune from any and all claims for punitive damages since such damages are not recoverable against a governmental entity under South Carolina or Federal common law or under the South Carolina Tort Claims Act, §15-78-10 *et seq.* of the Code of Laws of the State of South Carolina, 1976 as amended.

## FOR A NINTH DEFENSE

20. Upon information and belief, service of process upon this Defendant was not sufficient. Therefore, this Defendant reserves the right to file a motion to dismiss pursuant to the applicable rules of court.

WHEREFORE, having fully answered the Complaint of the Plaintiff, the Defendant Luther "Ted" Richardson, individually and as employee of Laurens County Sheriff's Department, South Carolina prays that same be dismissed with prejudice and for such other and further relief as the Court deems just and presented to the Court at the time of the hearing.

DAVIDSON & LINDEMANN, P.A.

BY:  *s/ Robert D. Garfield*
ROBERT D. GARFIELD
Federal I.D. No. 7799
1611 Devonshire Drive
Post Office Box 8568
Columbia, South Carolina 29202
T: (803) 806-8222
e-mail: rgarfield@dml-law.com

*Counsel for the Defendant
Luther "Ted" Richardson*

Columbia, South Carolina
July 6, 2011