**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Allison Haley Manley,<br><br>Plaintiff,<br><br>**vs.**<br><br>**Ricky W. Chastain**, individually, and as Sheriff of Laurens County, SC; **Michael Thomason**, individually, and as an employee of the Laurens County Sheriff's Department, SC; **Luther "Ted" Richardson**, individually, and as an employee of Laurens County Sheriff's Department, SC; **Duane Howard**, individually, and as an employee of Laurens County Sheriff's Department, SC; **Denna Griffin**, individually, and as an employee of Laurens County Sheriff's Department, SC; **Laurens County**, SC; **Laurens County Sheriff's Department**, SC,<br><br>Defendants. | **AMENDED**<br>**ANSWER OF DEFENDANTS RICKY W. CHASTAIN, INDIVIDUALLY AND AS SHERIFF OF LAURENS COUNTY, SC AND LAURENS COUNTY SHERIFF'S DEPARTMENT, SC TO PLAINTIFF'S COMPLAINT**<br><br>*Civil Action Number*:<br>6:11-cv-01607-JMC-KFM<br><br>{***Jury Trial Requested***} |

Defendants Ricky W. Chastain, individually and as Sheriff of Laurens County, SC and Laurens County Sheriff's Department, SC (hereinafter "Chastain" "LCSO" "these defendants") by way of Amended Answer to the plaintiff's Complaint, would respectfully show unto the Court as follows:

**FOR A FIRST DEFENSE**

1. That except as is expressly admitted, modified, or explained herein, each and every allegation of the plaintiff's Complaint, as is directed against these defendant, is denied and strict proof thereof is demanded.

2. That as to the allegations of paragraph one (1) of the plaintiff's Complaint, these defendants are without sufficient information with which to form a belief as to the present residency of the plaintiff; therefore, strict proof thereof is demanded. That as to the remaining allegations of paragraph one (1) of the plaintiff's Complaint, upon information and belief, the Plaintiff, Allison Haley Manley (hereinafter "Manley") was hired as a jailer by the Sheriff of Laurens County, beginning her employment on or about January 7, 2008. That further, upon information and belief, the plaintiff was transferred to the enforcement division within the Sheriff's Office on or about May 17, 2008. That further, upon information and belief, on or about January 9, 2009, the plaintiff resigned her employment with the Sheriff's Office. That further, on or about March 25, 2009, the plaintiff was re-hired by the Sheriff of Laurens County, and worked in the Laurens County Jail. That further, upon information and belief, on or about December 12, 2009, the plaintiff was transferred to a clerical position as a civilian employee. That further, upon information and belief, the plaintiff resigned from her position on or about October 6, 2010, without notice. That further, in response to the allegations of paragraph one (1) of the plaintiff's Complaint, it is admitted, upon information and belief, that the plaintiff was employed at certain times and dates by the Sheriff of Laurens County, as indicated above, and that based upon applicable law, the Laurens County

Sheriff has certain duties and responsibilities regarding oversight and supervision of employees and deputies. That further, upon information and belief, at all times during her employment with the Laurens County Sheriff, the plaintiff was subject to supervision by other personnel within the chain of command. That except as is expressly admitted, modified, or explained herein, the allegations of paragraph one (1) of the plaintiff's Complaint are denied as framed and strict proof thereof is demanded.

3. That as to the allegations of paragraph two (2) of the plaintiff's Complaint, it is admitted that Defendant Ricky W. Chastain is the Sheriff of Laurens County. That further, it is denied that Laurens County Sheriff's Department is an entity for the purposes of suit. That further, it is denied, upon information and belief, that Laurens County Sheriff's Department is a political subdivision of the state of South Carolina. That further, these defendants incorporate by reference their responses to the allegations of paragraph one (1) of the plaintiff's Complaint; that accordingly allege that as Sheriff, Defendant Chastain has certain duties imposed by law with respect to the oversight of Sheriff's Office employees and/or deputies. That further, as alleged above, the plaintiff was subject to primary supervision by and through other individuals in the chain of command. That except as is expressly admitted, modified, or explained herein or in response to the allegations of paragraph one (1) of the plaintiff's Complaint, the allegations of paragraph two (2) of the plaintiff's Complaint are denied as framed and strict proof thereof is demanded. That further, strict proof is demanded of any viable and/or cognizable claim of the plaintiff against these defendants.

4. That as to the allegations of paragraph three (3) of the plaintiff's Complaint, strict proof is demanded of any cognizable claim against Defendant Michael Thomason, in any capacity. That further, in response to the allegations of paragraph three (3) of the plaintiff's Complaint, it is denied, upon information and belief, that Laurens County Sheriff's Department is a political subdivision of the State of South Carolina. That except as is expressly admitted, modified, or explained herein, the allegations of paragraph three (3) of the plaintiff's Complaint are denied and strict proof thereof is demanded.

5. That as to the allegations of paragraph four (4) of the plaintiff's Complaint, strict proof is demanded of any cognizable claim against Defendant Luther "Ted" Richardson, in any capacity. That further, in response to the allegations of paragraph four (4) of the plaintiff's Complaint, it is denied, upon information and belief, that Laurens County Sheriff's Department is a political subdivision of the State of South Carolina. That except as is expressly admitted, modified, or explained herein, the allegations of paragraph four (4) of the plaintiff's Complaint are denied and strict proof thereof is demanded.

6. That as to the allegations of paragraph five (5) of the plaintiff's Complaint, strict proof is demanded of any cognizable claim against Defendant Duane Howard, in any capacity. That it is denied that Defendant Howard committed any act(s) and/or omission(s) to impose liability on the defendants. That further, in response to the allegations of paragraph five (5) of the plaintiff's Complaint, it is denied, upon information and belief, that Laurens County Sheriff's Department is a political subdivision of the State of South Carolina. That except as is expressly admitted, modified, or explained herein, the allegations

of paragraph five (5) of the plaintiff's Complaint are denied and strict proof thereof is demanded.

7. That as to the allegations of paragraph six (6) of the plaintiff's Complaint, strict proof is demanded of any cognizable claim against Defendant Deanna Griffin, in any capacity. That to the extent the plaintiff alleges liability is imposed on Deanna Griffin based on any employment relationship with the Laurens County Sheriff's Office, said allegations are denied. That further, in response to the allegations of paragraph six (6) of the plaintiff's Complaint, it is denied, upon information and belief, that Laurens County Sheriff's Department is a political subdivision of the State of South Carolina. That except as is expressly admitted, modified, or explained herein, the allegations of paragraph six (6) of the plaintiff's Complaint are denied and strict proof thereof is demanded.

8. That as to the allegations of paragraph seven (7) of the plaintiff's Complaint, said allegations are admitted, upon information and belief.

9. That as to the allegations of paragraph eight (8) of the plaintiff's Complaint, said allegations are denied as framed and strict proof thereof is demanded.

10. That as to the allegations of paragraph nine (9) of the plaintiff's Complaint, said allegations are admitted, upon information and belief.

11. That as to the allegations of paragraph ten (10) of the plaintiff's Complaint, it is admitted, upon information and belief, that Defendants Thomason, Richardson, and Howard are Captains, serving the Sheriff of Laurens County. That further, upon information and belief, it is admitted that Denna Griffin is a civilian employee of the Sheriff of Laurens

County. That further, as to the allegations of paragraph ten (10) of the plaintiff's Complaint, it is denied that the Laurens County Sheriff's Department is a legal entity. That further, in response to the allegations of paragraph ten (10) of the plaintiff's Complaint, it is admitted, upon information and belief, that the Sheriff of Laurens County has certain oversight responsibilities imposed by law, with respect to employees and/or deputies. That further, it is alleged that the Laurens County Sheriff has a chain of command applicable to deputies, staff, and employees. That it is admitted that Defendants Thomason, Richardson, and Howard are Captains who are answerable to the Sheriff of Laurens County. That except as is expressly admitted, modified, or explained herein, the allegations of paragraph ten (10) of the plaintiff's Complaint are denied as framed and strict proof thereof is demanded.

12. That as to the allegations of paragraph eleven (11) of the plaintiff's Complaint, it is demanded that the Laurens County Sheriff's Department is a legal entity for the purposes of suit. That further, in response to the allegations of paragraph eleven (11) of the plaintiff's Complaint, these defendants incorporate by reference their response to the allegations of paragraph one (1) of the plaintiff's Complaint.

13. That as to the allegations of paragraph twelve (12) of the plaintiff's Complaint, it is admitted, upon information and belief, that the plaintiff and Defendant Chastain became involved in a consensual intimate and sexual relationship beginning in February 2008.

14. That as to the allegations of paragraph thirteen (13) of the plaintiff's Complaint, except as is expressly admitted, modified, or explained herein, said allegations are denied and strict proof thereof is demanded. That further, in response to the allegations

of paragraph thirteen (13) of the plaintiff's Complaint, it is admitted that the plaintiff told Defendant Chastain on or about July 10, 2010 that she was pregnant, even though she claimed that she had been on birth control, and it is further admitted that the plaintiff and Defendant Chastain had discussions regarding a possible abortion. That, upon information and belief, on or about Monday, July 19, 2010, the plaintiff contacted Defendant Chastain and stated that she had made an appointment for an abortion at the Carolina Center for Women in Charlotte, North Carolina. That, upon information and belief, the plaintiff made the arrangements for an abortion without consulting Defendant Chastain. That it is admitted, upon information and belief, that Defendant Chastain drove the plaintiff to Carolina Center for Women for an appointment she had previously scheduled. That otherwise, the allegations of paragraph thirteen (13) of the plaintiff's Complaint are denied as framed and strict proof thereof is demanded. That further, it is denied that Defendant Chastain told the plaintiff she would have to resign her employment if she decided to "keep the child." That further, it is denied that Defendant Chastain convinced and/or forced the plaintiff to seek and/or have an abortion. That it is admitted, upon information and belief, that Defendant Chastain gave the plaintiff money; however, Defendant Chastain is without sufficient information with which to admit or deny what funds the plaintiff may have used to pay for her alleged abortion. That otherwise, the allegations of paragraph thirteen (13) of the plaintiff's Complaint are denied and strict proof thereof is demanded.

15. That as to the allegations of paragraph fourteen (14) of the plaintiff's Complaint, said allegations are denied as framed and strict proof thereof is demanded. That

further, upon information and belief, on or about July 25, 2010, the plaintiff asked to borrow money from Defendant Chastain for housing. That it is admitted that, at the request of the plaintiff, Defendant Chastain issued a check on July 26, 2010 for $14,500.00, made payable to Don Powell, with the understanding that the loan would be paid back by the plaintiff monthly and with an income tax return check. That as to the allegations of paragraph fourteen (14) of the plaintiff's Complaint, wherein it is alleged or implied that this loan was made after confirmation of a successful abortion, said allegations are empathically denied and strict proof thereof is demanded. That except as is expressly admitted, modified, or explained herein, the allegations of paragraph fourteen (14) of the plaintiff's Complaint are denied and strict proof thereof is demanded.

16. That as to the allegations of paragraph fifteen (15) of the plaintiff's Complaint, it is admitted that on or about September 26, 2010, the plaintiff represented to Defendant Chastain that, in spite of being on birth control, she was pregnant. That further, in response to the allegations of paragraph fifteen (15) of the plaintiff's Complaint, it is emphatically denied that Defendant Chastain requested and/or demanded that the plaintiff have an abortion. That Defendant Chastain requested that the plaintiff **not** abort any pregnancy. That at that time or soon thereafter, Defendant Chastain informed the plaintiff of his decision to end their personal relationship. That except as is expressly admitted, modified, or explained herein, the allegations of paragraph fifteen (15) of the plaintiff's Complaint are denied and strict proof thereof is demanded.

17. That as to the allegations of paragraph sixteen (16) of the plaintiff's Complaint, said allegations are denied as framed and strict proof thereof is demanded. That further, it is denied that on October 4, 2010, Defendant Chastain instructed Laurens County personnel to "make the plaintiff resign," as is alleged in paragraph sixteen (16) of the plaintiff's Complaint. That further, in response to the allegations of paragraph sixteen (16) of the plaintiff's Complaint, upon information and belief, the plaintiff only worked approximately 12 hours between October 4, 2010 and October 6, 2010, when she resigned her employment without notice. That it is emphatically denied that there were any threats and/or harassment during the alleged period referred to in the plaintiff's Complaint, by any co-workers, superiors, or other individuals to cause the plaintiff to resign her position. That except as is expressly admitted, modified, or explained herein, the allegations of paragraph sixteen (16) of the plaintiff's Complaint are denied and strict proof thereof is demanded.

18. That as to the allegations of paragraph seventeen (17) of the plaintiff's Complaint, said allegations are denied and strict proof thereof is demanded.

19. That as to the allegations of paragraph eighteen (18) of the plaintiff's Complaint, said allegations are denied and strict proof thereof is demanded.

20. That as to the allegations of paragraph nineteen (19) of the plaintiff's Complaint, except as is expressly admitted, modified, or explained herein, said allegations are denied and strict proof thereof is demanded.

21. That as to the allegations of paragraph twenty (20) of the plaintiff's Complaint, said allegations are denied as framed and strict proof thereof is demanded. That further,

upon information and belief, Laurens County Sheriff's Department is not a proper entity for the purposes of suit.

22. That as to the allegations of paragraph twenty-one (21) of the plaintiff's Complaint, except as is expressly admitted, modified, or explained herein, the allegations of paragraph twenty-one (21) of the plaintiff's Complaint are denied as framed and strict proof thereof is demanded. That further, as to the allegations of paragraph twenty-one (21) of the plaintiff's Complaint, it is emphatically denied that on or after September 26, 2010 Defendant Chastain demanded, requested, and/or asked for the plaintiff to abort her alleged pregnancy. That further, in response to the allegations of paragraph twenty-one (21) of the plaintiff's Complaint, these defendants incorporate by reference their responses to the allegations of paragraphs fifteen (15) and sixteen (16) of the plaintiff's Complaint. That further, in response to the allegations of paragraph twenty-one of the plaintiff's Complaint, it is emphatically denied that Defendant Chastain organized a meeting on October 4, 2010 to cause or direct subordinates to cause or make the plaintiff resign her employment. That further, it is denied that Defendant Chastain directed others to pressure the plaintiff to resign her position. That further, upon information and belief, the plaintiff resigned her position on her own accord, and not as a result of any actions of these defendants. That except as is expressly admitted, modified, or explained herein, the allegations of paragraph twenty-one (21) of the plaintiff's Complaint are denied and strict proof thereof is demanded.

23. That as to the allegations of paragraph twenty-two (22) of the plaintiff's Complaint, said allegations are denied as framed and strict proof thereof is demanded. That

further, in response to the allegations of paragraph twenty-two (22) of the plaintiff's Complaint, it is denied that Defendant made any demand and/or request that the plaintiff have an abortion, as is alleged in paragraph twenty-two (22) of the plaintiff's Complaint. That further, it is denied that these defendants committed any act(s) and/or omission(s) which would constitute a violation of law, as is alleged in paragraph twenty-two (22) of the plaintiff's Complaint.

24. That as to the allegations of paragraph twenty-three (23) of the plaintiff's Complaint, said allegations are denied and strict proof thereof is demanded.

25. That as to the allegations of paragraphs twenty-four (24) through thirty (30) of the plaintiff's Complaint, said allegations do not appear to be directed at these defendants and no response is indicated. That to the extent the allegations of paragraphs twenty-four (24) through thirty (30) of the plaintiff's Complaint are directed at these defendants, same are denied and strict proof thereof is demanded.

26. That as to the allegations of paragraph thirty-one (31) of the plaintiff's Complaint, said allegations are denied and strict proof thereof is demanded.

27. That as to the allegations of paragraph thirty-two (32) of the plaintiff's Complaint, these defendants incorporate by reference their responses to the allegations of paragraphs fifteen (15) and sixteen (16) of the plaintiff's Complaint. That except as is expressly admitted, modified or explained herein, the allegations of paragraph thirty-two (32) of the plaintiff's Complaint are denied and strict proof thereof is demanded. That further, in response to the allegations of paragraph thirty-two (32) of the plaintiff's Complaint, it is

denied that Defendant Chastain demanded and/or requested that the plaintiff have an abortion, as is alleged therein. That further, the allegations of paragraph thirty-two (32) of the plaintiff's Complaint, same are denied and strict proof thereof is demanded.

28. That as to the allegations of paragraph thirty-three (33) of the plaintiff's Complaint, said allegations are denied and strict proof thereof is demanded.

29. That as to the allegations of paragraph thirty-four (34) of the plaintiff's Complaint, said allegations are denied and strict proof thereof is demanded. That further, in response to the allegations of paragraph thirty-four (34) of the plaintiff's Complaint, these defendants incorporate by reference their responses to the allegations of paragraphs fifteen (15), sixteen (16), and twenty-one (21) of the plaintiff's Complaint. That further, it is denied that Defendant Chastain ordered others to pressure the plaintiff to resign her employment with the Laurens County Sheriff's Office. That it is denied that Defendant Chastain threatened the plaintiff and/or caused any threats to the plaintiff, as is alleged by the plaintiff in her Complaint. That it is admitted, upon information and belief, that the plaintiff resigned her position without notice, but, upon information and belief, her resignation was not a result of any alleged meeting on October 4, 2010. That further, upon information and belief, during the 12 hours the plaintiff worked between October 4, 2010 and October 6, 2010, it is emphatically denied that the plaintiff was sexually harassed, was the victim of any discrimination, and/or was subjected to a hostile work environment. That accordingly, the allegations of paragraph thirty-four (34) of the plaintiff's Complaint are denied and strict proof thereof is demanded.

30. That as to the allegations of paragraph thirty-five (35) of the plaintiff's Complaint, these defendants incorporates by reference their responses to the allegations of paragraph thirty-four (34) of the plaintiff's Complaint. That except as is expressly admitted, modified, or explained herein, the allegations of paragraph thirty-five (35) of the plaintiff's Complaint are denied and strict proof thereof is demanded.

31. That as to the allegations of paragraph thirty-six (36) of the plaintiff's Complaint, said allegations are denied and strict proof thereof is demanded.

32. That as to the allegations of paragraph thirty-seven (37) of the plaintiff's Complaint, it is admitted, upon information and belief, that Defendant Chastain was aware of the plaintiff's employment status, the terms of her employment, and her job duties and assignments during the dates she was employed by the Sheriff of Laurens County, as outlined in the responses to the allegations of paragraph one (1) of the plaintiff's Complaint.

33. That as to the allegations of paragraph thirty-eight (38) of the plaintiff's Complaint, said allegations are denied as framed and strict proof thereof is demanded.

34. That as to the allegations of paragraph thirty-nine (39) of the plaintiff's Complaint, said allegations are denied as framed and strict proof thereof is demanded.

35. That as to the allegations of paragraph forty (40) of the plaintiff's Complaint, said allegations are denied as framed and strict proof thereof is demanded.

36. That as to the allegations of paragraph forty-one (41) of the plaintiff's Complaint, said allegations are denied as framed and strict proof thereof is demanded.

37. That as to the allegations of paragraph forty-two (42) of the plaintiff's Complaint, said allegations are denied as framed and strict proof thereof is demanded.

38. That as to the allegations of paragraph forty-three (43) of the plaintiff's Complaint, said allegations are denied as framed and strict proof thereof is demanded.

39. That as to the allegations of paragraph forty-four (44) of the plaintiff's Complaint, said allegations are denied as framed and strict proof thereof is demanded.

40. That as to the allegations of paragraph forty-five (45) of the plaintiff's Complaint, said allegations are denied as framed and strict proof thereof is demanded.

41. That as to the allegations of paragraph forty-six (46) of the plaintiff's Complaint, said allegations are denied as framed and strict proof thereof is demanded.

**FOR A SECOND DEFENSE**

42. That Laurens County Sheriff's Department is not an entity for purposes of suit and accordingly, the Complaint should be dismissed as to Defendant Laurens County Sheriff's Department, SC.

**FOR A THIRD DEFENSE**

43. That as to the plaintiff's first cause of action, the plaintiff has failed to exhaust her administrative remedies. That the defendants herein plead and assert the plaintiff's failure to exhaust her administrative remedies as a bar to the plaintiff's fist cause of action.

44. That these defendants plead and assert that the plaintiff's failure to exhaust the administrative remedies available to her, with respect to her first cause of action, is a bar to this suit and this court lacks jurisdiction as to the subject matter of the first cause of action at this time.

**FOR A FOURTH DEFENSE**

45. That these defendants expressly plead and assert the provisions of S.C. Code Ann. § 15-78-30(f)(g)(i) as a defense and/or bar to the allegations set forth in the plaintiff's Complaint.

**FOR A FIFTH DEFENSE**

46. That these defendants plead and assert the South Carolina Tort Claims Act as a complete and absolute defense and/or bar to the claims set forth in the plaintiff's Complaint.

**FOR A SIXTH DEFENSE**

47. That specifically, but without limitation, these defendants plead and assert all statutes of limitation, conditions of recovery, limitations on recovery, exclusions from liability, and caps and/or limitations on damages, as are set forth in the South Carolina Tort Claims Act.

**FOR A SEVENTH DEFENSE**

48. That further and more specifically, these defendants plead and assert, without

limitation, the provisions of S.C. Code Ann. § 15-78-60 as a bar and/or defense to the claims set forth in the plaintiff's Complaint.

**FOR AN EIGHTH DEFENSE**

49. That these defendants plead and assert the provisions of S.C. Code Ann. § 15-78-70 as a bar and/or defense to the allegations of the plaintiff's Complaint. That, upon information and belief, the individual defendants cannot be liable in their individual capacities for actions within the course and scope of their official duties.

**FOR A NINTH DEFENSE**

50. That specifically, but without limitation, these defendants plead and assert the provisions of S.C. Code Ann. § 15-78-120 as a complete and absolute defense and/or bar to the allegations of the plaintiff's Complaint.

**FOR A TENTH DEFENSE**

51. The plaintiff's Complaint fails to state a claim as to which relief may be granted as to Defendants Griffin, Thomason, Howard, and Richardson, as employees of the Laurens County Sheriff's Department.

**FOR AN ELEVENTH DEFENSE**

52. That it is denied that Defendants Griffin, Thomason, Howard, and/or

Richardson committed any act(s) and/or omission(s) as employees of the Laurens County Sheriff's Department which would give rise to any cognizable claim by the plaintiff.

Wherefore, Defendants Ricky W. Chastain, individually, and as Sheriff of Laurens County, SC and Laurens County Sheriff's Department, SC pray as follows:

1. That the Complaint of the plaintiff be dismissed.

2. That these defendants be granted such other and further relief as the Court deems just and proper.

Respectfully submitted,

s/ Russell W. Harter, Jr.
Russell W. Harter, Jr., Fed ID 1753
CHAPMAN, HARTER & GROVES, PA
1012 East Washington Street (29601)
Post Office Box 10224
Greenville, South Carolina 29603
864/233-4500 *{Phone}*
864/232-1710 *{Facsimile}*
rwhjr@chglawsc.com *{Email}*
**ATTORNEY FOR DEFENDANTS**
**Ricky W. Chastain, individually, and as Sheriff of Laurens County, SC and Laurens County Sheriff's Department, SC**

September 3, 2011
Greenville, South Carolina